SHIRLEY & HOLLAND ET AL. v. T. H. CONNER ET AL.

No. 1229. Decided May 19, 1904.

**1.—Certifying Question—Mandamus.**
   Distinguishing the ruling of the Court of Civil Appeals in this case from Borden & Antill v. Le Tulle M. Co., 74 S. W. Rep., 788, it is held that there is no such conflict between them as to justify a mandamus requiring the Court of Civil Appeals to certify to the Supreme Court the question arising on defendant's plea of privilege, the contract here sued on being in writing and performable in the precinct where defendant was sued. (Pp. 64, 65.)

ON MOTION FOR REHEARING.

**2.—Mandamus—Pleading.**
   Facts entitling a complainant to writ of mandamus should be directly alleged, and not left to inference. nor to the allegations of a motion for rehearing on refusal of leave to file. (Pp. 65, 66.)

**3.—Same—Verification.**
   Application to the Supreme Court for writ of mandamus should be verified by affidavit. (P. 66.)

Original application to the Supreme Court for leave to file petition for mandamus to require the Court of Civil Appeals to certify a question.

The opinion of the Court of Civil Appeals in this case was as follows:

SPEER, ASSOCIATE JUSTICE.—The assignments presenting the question of the alleged error of the court in refusing to sustain the appellant's plea of personal privilege to be sued in Denton County, in the precinct of their residence, are overruled, because we are of opinion that the principles announced in Seley v. Williams, 50 S. W. Rep., 399, 20 Texas Civ. App., 405; Darragh v. O'Connor, 69 S. W. Rep., 644, and Callender, Holder & Co. v. Short, 9 Texas Ct. Rep., 85, are conclusive against appellants upon this issue. It is true these cases are shipper's order cases, but the circumstances attending the present transaction indicate to our minds the intention upon the part of the parties to the present controversy that the title to the cotton seed should not pass until actual delivery in Gainesville, as fully as though the seed had been consigned shipper's order. We think the letters, and especially the bills of lading with drafts attached, evidence such intention, and are sufficient at least to support the court's judgment. The language of exception 4, article 1585, Revised Statutes, and of exception 5, article 1194, is substantially the same, and neither, in our opinion, requires an express promise in writing promising performance in a county or precinct, other than that of the residence of the defendant, to fix the venue against such nonresident. We are also of opinion that the principle announced in Gimbel v. Gomprecht, 35 S. W. Rep., 470, 89 Texas, 497, has no application to the pleadings in this case upon the question of jurisdiction of the subject matter, but that the court rightly retained jurisdiction, and that the judgment should be affirmed.

Opinion delivered March 26, 1904.

*Cofer & Thomason,* for relator.—The holding and opinion of the Court of Civil Appeals for the Second District in considering the parol evidence and circumstances attending the transaction in fixing venue, when the writings contained no promise as to the mode or place of performance, is in direct conflict with the decision of the Court of Civil Appeals for the Fourth District in the case of Borden & Antill v. Le Tulle Mercantile Co., 74 S. W. Rep., 788, where it is held the venue act requires "that the defendant must so contract by writing executed by himself or by his authority, and excludes consideration of all agreements existing in parol or arising by implication."

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for a writ of mandamus, in which it is sought to compel the Chief Justice and associate justices of the Court of Civil Appeals for the Second Supreme Judicial District to certify a question of law to this court under the Act of May 9, 1899. That act makes it the duty of a court of civil appeals, when its opinion is in conflict with the decision of any other court of civil appeals, to certify the question for the determination of the Supreme Court. The question which the relators seek to have certified arose in the Court of Civil Appeals for the Second District in a cause entitled Shirley & Holland v. Gainesville Cotton Seed Oil, Gin and Mill Company, which was appealed to that court from the County Court of Cooke County and in which the judgment of the trial court was affirmed. The suit originated in the Justice Court of Gainesville Precinct of Cooke County.

The question was, should the defendants' plea of privilege to be sued in the county and precinct of their residence have been sustained? The Court of Civil Appeals held that the trial court did not err in overruling that plea. The relators claim that this decision is in conflict with that of the Court of Civil Appeals for the Fourth District in the case of Borden & Antill v. Le Tulle Mercantile Company (74 S. W. Rep., 788); but we are of the opinion that there is no conflict.

In the present case, the facts which gave rise to the cause of action are as follows: The Gainesville Cotton Seed Oil, Gin and Mill Company wrote to Shirley, one of the defendants, offering $17 per ton for cotton seed delivered at Gainesville. Shirley replied by letter: "You can book me for two cars at that price." Under that contract Shirley & Holland, as partners, shipped to the oil company at Gainesville a quantity of cotton seed in bulk and drew a draft upon the latter for the price with a bill of lading attached. The draft was paid upon presentation. Two other shipments were made under the contract and were paid for upon drafts drawn in the same manner. In each shipment the quantity of the seed fell short of that drawn for, and for these shortages the oil company brought suit against the sellers in the Justice Court in Gainesville. The defendants being residents of Denton County pleaded that it was their privilege to be sued in that county. That was the question in the present case.

In the case of Borden v. Mercantile Company the following were the facts: The appellants were residents of Harris County, but had a rice plantation in Matagorda County. It seems the appellees were doing business in the latter county at Bay City. The appellants bought supplies for their farm from appellees, and it also seems that the suit was for a balance on that account. There was no contract in writing about the matter save the orders of the appellants' foreman, which contained no promise to pay in Matagorda County. The only evidence tending to show any promise or any expectation that the goods were to be paid for in that county was the fact that the accounts made out by the appellees contained the statement: "Terms thirty days; all accounts payable at Bay City." Clearly this was no promise by appellants to do anything. In that case the court sustained the plea of privilege and dismissed the suit.

In the present case there was a promise in writing to deliver the cotton seed in Gainesville, and the suit was for a failure to deliver according to the promise.

It is apparent, therefore, that there is a broad distinction between the two cases, and that the decision in the one in no wise conflicts with the ruling in the other.

There being, in our opinion, no conflict between the two decisions, the motion to file the petition for the writ of mandamus is overruled.

*Overruled.*

### OPINION ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—Having declined to grant leave to file the petition for a mandamus in this case, the relators have filed this motion for a rehearing.

The motion for a rehearing takes a broader scope than the original petition and pointedly states facts which did not appear either from the allegations of the latter or in the exhibits attached thereto. Those facts are that the letter, which, as alleged in the written statement of the cause of action in the justice court, was sent by appellee to relator Shirley was not produced upon the trial, nor was it proved that any such letter had in fact been written. It may be true that a careful inspection of the allegations in the petition for the writ of mandamus may suggest the inference that the appellee failed to prove that that letter was ever sent; but we confess that upon an examination of the petition such suggestion did not present itself to our minds. Neither does the opinion of the Court of Civil Appeals state that the letter was not proved. Indeed we were somewhat at a loss to know why that court should have entered upon the discussion of the propriety of looking to the parol or other extrinsic evidence in determining the matter as to the place of performance. The petition should have stated clearly the facts which were established by the evidence upon this issue. It is too late to do so in the motion for a rehearing.

98 Sup—5.

When we declined to permit the petition to be filed, the relators were at liberty to present a new petition alleging any material fact or facts which may have been omitted or insufficiently pleaded in the first. But in order to properly present the case as it is presented in the motion for a rehearing, they should distinctly allege that neither the letter from the plaintiff company to the relator nor its contents were proved upon the trial. They should also present a copy of the evidence, upon the trial from the transcript on file in the Court of Civil Appeals and should state that it is all the evidence upon the issue.

In this connection we note that the petition for the writ is not verified by affiant. When we made the rule of practice for the procedure in mandamus cases brought in this court we did not expressly say that the petition should be sworn to or supported by affidavits, for the reason that such is the rule of the common law. Brown v. Ruse, 69 Texas, 589. It is our practice to require that the petition should be verified, and it should have been sworn to in this case. We did not discover that the affidavit was wanting when we acted upon the motion to file. Had we known of the omission we would have had counsel advised of the fact, and upon their failure to supply the defect would have overruled the motion on that ground.

Since the petition for the mandamus does not make it clearly appear that the letter from the :il company to Shirley was not proved upon the trial, we are not called r-pon to decide and should not decide whether there is a conflict betweer the decision of the Court of Civil Appeals in this case and the decision in the case of Borden v. Le Tulle Mercantile Co., 74 S. W. Rep. 788. Yet we venture the suggestion, that, even if the letter was not p, ved, there is such a difference between the facts of this case and the Borden case as to make them readily distinguishable. In the latter there was no writing except the order of the appellants' agent for the goods the price of which was sued for. In this case we have Shirley's written acceptance of a proposition for the purchase of two car loads of cotton seed—no.·· o° the terms of the proposition being known except the price. Conceding, then, that the letter was not proved and that the trial court and Court of Civil Appeals concluded that it appeared from the oral and circumstantial evidence actually adduced, that the offer was that the seed should be delivered at Gainesville, can it be said that the question as to the propriety of considering parol and extrinsic evidence in such a case is the same as the question which was presented in the case of Borden v. Mercantile Company?

Accompanying this motion for a rehearing, we find among the papers filed what we take to be the original statement of facts filed in the County Court after the trial of the cause. The original papers in a case have no place in the appellate courts and should not be sent up except upon the order of the trial court, and then only in special in-

stances.   The statement of facts is a file paper of the office of the clerk of the County Court, to whose custody it should be returned.

The motion is overruled.

*Leave to file petition refused.*

Opinion delivered June 9, 1904.