## ORANGE GROCERY CO. v. LEVERETT.
### (No. 1370.)

(Court of Civil Appeals of Texas. Beaumont. March 15, 1926.)

**1. Mandamus ⬤149—Third person in mandamus suit, claiming adverse interest in subject-matter, which may be affected by judgment, must be joined as respondent.**

Third person, claiming adverse interest in subject-matter of suit, which may be affected by the judgment, must be joined as respondent without regard to validity of his claim, which the court will not adjudicate in his absence.

**2. Mandamus ⬤151(1)—In mandamus against corporation to compel issuance to petitioner of shares of stock in such corporation, third person claiming ownership of such stock held necessary party.**

In mandamus against corporation to compel issuance to petitioner of shares of stock in such corporation, third person claiming ownership of such stock *held* necessary party.

**3. Mandamus ⬤3(7) — That person claiming stock in corporation refusing to issue it to him had legal remedy to sue for damages held not to preclude him from resorting to mandamus to compel issuance of such stock.**

That person claiming stock in corporation which latter refused to issue to him had legal remedy to sue for damages *held* not to preclude him from resorting to mandamus to compel issuance of such stock to him.

**4. Mandamus ⬤154(4)—Petitioner seeking to compel corporation by mandamus to issue to him shares of stock therein must allege that issuance of such stock is official duty of officers of such corporation.**

Petitioner seeking to compel corporation by mandamus to issue to him shares of stock

therein must allege that issuance of such stock is official duty of officers of such corporation.

**5. Mandamus ⊕154(3).**

Greater certainty of pleading is required in mandamus than in ordinary cases.

**6. Mandamus ⊕154(9).**

Verification of petition for mandamus, "that the material allegations are true," is insufficient; affidavit should state that facts alleged in petition are, within knowledge of affiant, true.

**7. Process ⊕96(2).**

Affidavits required in course of pleading or for obtaining writs of special process should be on knowledge of affiant as to truth of facts to which affidavit is made, and must constitute such positive statement of knowledge of facts as would constitute proper basis for charge of perjury if such facts were untrue.

Appeal from Orange County Court; Dewitt C. Benet, Judge.

Mandamus by W. T. Leverett against the Orange Grocery Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

O. L. Baker, of Orange, for appellant.

O. R. Sholars, of Orange, for appellee.

O'QUINN, J. Appellee brought this suit in the county court of Orange county, praying for writ of mandamus against the Orange Grocery Company, commanding it to issue and deliver to appellee 5⅔ shares of its capital stock, alleging that he was the owner of said stock and that same was fully paid up and of the value of $56.66. He further alleged that he had made application to the proper officers of said company for the issuance of said stock to him, and that they constantly refused to issue same, and that he had no other remedy to secure the issuance and possession of said stock.

Appellant, the Orange Grocery Company answered, pleading: (1) Lack of interested and proper parties to the suit; (2) no allegation that it was the legal or official duty of the officers of said company to issue the stock, or that they had authority to do so; (3) denied that appellee was the owner of the stock; (4) that appellee had a remedy at law; and (5) specially that appellee was not entitled to have the stock in question issued to him for in that said stock had been transferred to one W. H. Stark anterior to the increase of the capital stock of said company, out of which the said 5⅔ shares of stock originated, and that Stark was a necessary and proper party to the suit.

The case was tried before the court without a jury, and judgment rendered for appellee awarding the writ of mandamus. Motion for a new trial was overruled, and the case is before us on appeal.

The record contains the following agreed statement of facts:

"We, the parties to the above styled and numbered cause, whose names are signed hereto, being all of the parties to this suit, hereby agree that the following is a brief statement of this case and of the facts proven on the trial hereof:

"I. On or about the 3d day of May, A. D. 1923, W. T. Leverett was the record owner of 17 shares of the capital stock of the Orange Grocery Company, a Texas corporation, and domiciled at Orange, Tex. On or about said date, said firm, at a stockholders' meeting, authorized a 33⅓ per cent. stock dividend, which dividend was to be paid by virtue of an increase in the capital stock from $75,000 to $100,000, the increase being justified by increased values of certain physical properties owned by the concern and according to a statement made by an appraisement company employed for the purpose of appraising all the properties and the general condition of said firm. The par value of said stock was $100 per share, and by virtue of said increase Leverett would have been entitled to 5⅔ shares, valued at $566.66.

"On the 24th day of August, A. D. 1923, the secretary of state authorized the increase of capital stock as above mentioned.

"On the 18th day of May, A. D. 1921, W. T. Leverett, the plaintiff here, executed a promissory note in the sum of $2,700, bearing interest at the rate of 10 per cent. per annum, and payable to the order of W. H. Stark on or before six months after date. To secure and enforce the payment of said note, Leverett, in addition to attaching said original stock, with stock in another corporation, to said note as collateral, executed a chattel mortgage on same, and on the date of the above-mentioned increase of capital stock by the stockholders of said firm, as well as on the date of authorization of said increase by the secretary of state, the original stock certificates were in the possession of said W. H. Stark.

"On or about the 24th day of August, A. D. 1923, Leverett, for and in consideration of $105 per share and the reduction of the interest rate of said note from 10 per cent. to 5 per cent., as well as the waiving of attorney's fees of 10 per cent. on same, as collection fees, transferred to W. H. Stark, in the usual manner, said original stock certificates in liquidation of said note, leaving a balance of $175 due thereon, for which amount Leverett executed another note and delivered same to said Stark.

"At the time of the above-mentioned transfer of stock nothing was said by either party about the additional stock Leverett was entitled to by virtue of the increase above referred to. Later, Leverett alleges, he became cognizant of the fact that said increase was authorized, and demanded his share of same. The Orange Grocery Company takes the position that Leverett had transferred all his right, title, interest, and estate in said concern, and, laboring under this impression, had issued stock certificates to Stark in an amount sufficient to cover that to which Leverett may have been entitled; that their records do not show him a stockholder, and their act was prompted by the pres-

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

entation of Leverett's original stock certificates by Stark. Therefore, Leverett files application for writ of mandamus to compel Orange Grocery Company to issue said amount of increased capital stock, or, in the alternative, to pay him the sum of $566.66, the money value thereof.

"II. The following issues of law are involved in this case: (a) Proper and interested parties to the suit. (b) A legal or official duty to perform the act requested by the plaintiff. (c) Proper verification of pleadings in actions of this nature.

"We agree that this case, upon appeal, may be decided upon this agreed statement, in accordance with the provisions of the statute, and determined accordingly."

[1, 2] The judgment will have to be reversed for want of necessary parties. It has long been settled that in mandamus proceedings third persons claiming an adverse interest in the subject-matter of the suit which may be affected by the judgment must be joined as respondents without regard to the validity of their claims, which the court will not adjudicate in their absence. City of Austin v. Cahill, 88 S. W. 542, 89 S. W. 552, 99 Tex. 172, 189; Rankin v. Noel (Tex. Civ. App.) 185 S. W. 885; Tabor v. Commissioner, 29 Tex. 508; Siddall v. Hudson (Tex. Civ. App.) 201 S. W. 1029; Jeff Bland Lumber & Building Co. v. G. H. & S. A. R. Co. (Tex. Civ. App.) 212 S. W. 750; 38 C. J. 558, § 30. The rule is well settled that mandamus will not issue where it appears that it will affect persons not before the court, whose rights have not been determined in a previous suit.

The record discloses that W. H. Stark claimed the stock in controversy; that it had been issued to him and was in his possession; that there was a controversy between appellee and Stark as to which was the owner, both claiming it. Appellant's answer called attention to Stark's claim. When it was made known to the court that Stark was claiming the stock in question, he should have been made a party to the suit and his rights determined.

[3] Appellant insists that appellee had an ample remedy at law, and hence in no event should a mandamus issue. While appellee may have had a legal remedy at law to sue to recover the value of the stock as damages, still we do not think that precluded him from resorting to the remedy of mandamus for the issuance and delivery to him of the stock. Jefferson v. McFaddin (Tex. Civ. App.) 178 S. W. 714; 38 C. J. 563, § 34; 18 R. C. L. 177, § 98.

[4, 5] As the case will have to be tried again, we will call attention:

(1) To the failure of appellee's petition to allege that it was the official duty of the officers of the appellant to issue the stock in question. This should have been alleged. Greater certainty of pleading is required in mandamus than in ordinary cases. Milner v.

Brewer-Monaghan Mercantile Co. (Tex. Civ. App.) 188 S. W. 49.

[6, 7] (2) Also, appellant objects to the verification of appellee's petition, and says same is not sufficient. Wherein the verification is lacking is not pointed out by appellant, and for that reason the objection might be held insufficient. However, while our statutes do not require that a petition for mandamus be sworn to, yet the Supreme Court has held that it should be done. Shirley v. Conner, 8 S. W. 984, 81 S. W. 284, 98 Tex. 63. The verification is that "the material allegations" are true. This is hardly sufficient. The affidavit should state that the facts alleged in the petition are, within the knowledge of affiant, true. Affidavits required in the course of pleading or for obtaining writs or special process should be on the knowledge of affiant as to the truth of the facts to which affidavit is made, and must constitute such a positive statement of knowledge of the facts as would constitute a proper basis for the charge of perjury if such facts were found to be untrue. It is not believed that the affidavit in the instant case meets this test. It covers the "material" facts. Just what facts alleged in the petition were regarded by appellee as "material" would be a matter of speculation or conjecture, and therefore the required definiteness of the verification is wanting.

The judgment is reversed and the cause remanded.