## HARBERT et al. v. OWEN.
### No. 679.

Court of Civil Appeals of Texas. Eastland.
March 28, 1930.

James A. Stephens, of Benjamin, for appellants.

J. S. Kendall, of Munday, for appellee.

HICKMAN, C. J.

Appellee Owen filed his petition in this case on March 29, 1929, naming as defendants M. F. Harbert, justice of the peace, precinct No. 1, Knox county, W. A. Holt, constable of said precinct, and J. H. Atterbury. He alleged that more than a year prior thereto Atterbury recovered a judgment against him in the justice court of said precinct for the prin-

cipal sum of $74.10, from which judgment he gave notice of appeal to the county court, and within ten days from the rendition thereof delivered to Harbert, justice of the peace, an appeal bond in the amount and conditioned as provided by law, which bond was by said Harbert officially received and approved. That thereupon he requested Harbert to prepare and send up to the county court a transcript of the proceedings, together with the original papers, as provided by law. That within a year after the rendition of said judgment an execution was issued thereon and returned by the constable with the notation, "Nothing found in Knox County." That he had no notice of the issuance and return of such execution. That thereafter and shortly before the filing of his petition, an alias execution had been issued out of the justice court and levied upon certain personal property belonging to him. He further alleged that, although the said justice of the peace had approved his appeal bond, he had failed and refused to prepare a transcript in said cause and send same, together with the original papers, to the county court. The prayer was for a mandamus, directing and commanding Harbert, as justice of the peace, to make up and file with the clerk of the county court a transcript of his docket in the above-mentioned cause, together with the original papers therein, and for the issuance of a temporary injunction, restraining Atterbury, the judgment creditor, his agents and attorneys, from further procuring writs of execution out of the justice court, and restraining Harbert from issuing further writs of execution on said judgment, and also restraining Holt, as constable, from making any sale under the execution and levy above mentioned, and from making any levy under any other execution issued out of the justice court on said judgment. The petition was duly verified, and was presented to the county judge, who, without notice or a hearing, caused the writs prayed for to be issued. Thereafter, on April 15, 1929, Harbert filed his answer, consisting of a plea in abatement, a general demurrer, certain special exceptions, and a special answer. This answer was duly verified by him, and specifically denied that he had approved said appeal bond or had been requested to prepare and file a transcript in said cause until after the alias execution had been issued therein, but alleged as a fact that he refused to approve said appeal bond and marked his disapproval thereon. On the same date Atterbury filed his answer consisting of a general demurrer, certain special exceptions, and a general denial. On the same date Holt, the constable, filed his answer, in which he set up that he had returned to the court out of which it was issued the execution complained of, and his prayer was that he be discharged with his costs. Thereafter, on July 8, 1929,

the court rendered a final judgment in the cause, overruling the various pleas and demurrers and again decreeing the issuance of a writ of mandamus and making the temporary injunction theretofore issued perpetual. From this judgment all of the defendants below have appealed.

By proper assignments appellants present that the court was without jurisdiction to issue either the injunction or the mandamus. By the express provision of article 5, § 16, of the Constitution of the State of Texas, the county court or judge thereof has power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court. If the justice of the peace did in fact approve the appeal bond filed by appellee, the jurisdiction of the county court immediately attached, and in order to enforce its jurisdiction that court had the power to issue the writs of mandamus and injunction. Fitzpatrick v. Small, 1 White & W. Civ. Cas. Ct. App. § 1140: Hart v. Wilson (Tex. Civ. App.) 156 S. W. 520; Berume v. Hughes (Tex. Civ. App.) 275 S. W. 268.

In the case of Boyd v. Adcock (Tex. Civ. App.) 21 S.W.(2d) 743, and cases there cited, it was held that the county court had no jurisdiction to enjoin the levy of an execution issued out of the justice court to enforce a judgment, the amount of which was below the jurisdictional limit of the county court. But in those cases the appellate jurisdiction of the county court had not attached. The rule there announced does not go to the extent of denying to the county court the power to enjoin an execution issued by the justice of the peace for the enforcement of a judgment theretofore rendered by the justice court in a case in which the appellate jurisdiction in the county court has attached. We overrule the contention that the court was without jurisdiction to issue these writs.

It is complained that the court was without power to issue the temporary writ of mandamus without notice and hearing. Granting that the contention urged is sound, the question is moot. There was no appeal from the order granting this so-called temporary writ of mandamus. The judgment appealed from was not the judgment of March 29th, but the one of July 8th, rendered after answers had been filed. Whatever error might have been committed in the judgment of March 29th is immaterial in considering the validity of the judgment of July 8th.

The last assignment presented has merit and must be sustained. This assignment presents error in rendering the final judgment granting the mandamus and perpetuating the injunction without hearing any evidence to sustain the allegations in the petition. As noted above, the essential allegations of the petition were expressly denied under oath. The judgment appealed from on its face recites that the court rendered same without hearing any testimony. The answer destroyed the effect of the petition as proof of its own allegations and placed upon the plaintiff below the burden of offering evidence in support thereof. This is particularly true with reference to the mandamus. In order to justify the issuance of a mandamus, a clear case must be presented. Shook v. Journeay (Tex. Civ. App.) 149 S. W. 406; Id., 105 Tex. 551, 152 S. W. 809; 38 C. J. p. 613.

This case must be retried in order that evidence may be heard upon the issues made by the pleadings.

Reversed and remanded.