## WEST v. LUTTRELL et al.
## No. 7525.

Court of Civil Appeals of Texas. Austin.

Jan. 21, 1931.

Rehearing Denied Feb. 11, 1931.

Gibbs & Lewis, of San Angelo, for appellant.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for appellees.

BLAIR, J.

Appellant, the owner of the only newspaper published in the town of Bronte, instituted this proceeding against appellees for a writ of mandamus to compel the city council of said town of Bronte to publish in his paper its annual financial statement as required by article 1023, Rev. St., to publish all ordinances enacted as required by article 1013, and to require the city council to contract with him for his paper to be the official paper of said town of Bronte, as provided in article 1025. The trial court sustained appellees' general demurrer to appellant's petition, and, upon his refusal to amend dismissed the proceedings; hence this appeal.

The judgment of the trial court is sustained because appellant's petition for the writ of mandamus was not verified. The statutes authorizing the issuance of writs of mandamus do not provide that the petition therefor shall be verified, but the Supreme Court has so held. Shirley v. Conner, 98 Tex. 63, 80 S. W. 984, 81 S. W. 284; Sansom v. Mercer, 68 Tex. 494, 5 S. W. 62, 2 Am. St. Rep. 505; Orange Grocery Co. v. Leverett (Tex. Civ. App.) 282 S. W. 625; articles 1733–1735, 1914, and 1957, R. S. 1925.

The petition also violates the rule that greater certainty of pleading is required in mandamus proceedings than in ordinary causes, in the following particulars:

(a) It does not allege the pendency of any ordinance for passage which article 1013 required to be published.

(b) It does not allege that relator had complied with article 29a, which provides that, "before any newspaper * * * shall be authorized to publish legal advertising of any character, such newspaper shall file with such officer, agency or person charged with the duty of so inserting such publication, a schedule or rates then charged by such newspaper for classified advertising," etc. Doeppenschmidt v. City of New Braunfels (Tex. Civ. App.) 289 S. W. 425.

(c) The petition does not allege the date of the end of the municipal year. Article 1023 requires that the financial statement of a town shall be published "at least ten days before the expiration of each municipal year." The petition therefore fails to disclose whether it was the proper time for the publication of any annual statement of the

town of Bronte, or whether the time for publication of any annual statement had expired when the petition was filed. It is settled law that "a writ of mandamus will not issue if for any reason it would be useless or unavailing." Holcombe v. Fowler, 118 Tex. 42, 9 S.W.(2d) 1028. And the petition also fails for want of certainty as to any breach of duty on the part of appellees, because it does not appear therefrom when any annual statement should have been published. Harbert v. Owens (Tex. Civ. App.) 26 S.W.(2d) 670, 671.

The judgment of the trial court will be affirmed.

Affirmed.