## McCOY v. JONES.
### No. 2037.

Court of Civil Appeals of Texas. Eastland.

Jan. 26, 1940.

Williamson & Nordyke, of Stephenville, for relator.

Wm. Arch Jones, of Stephenville, pro se.

GRISSOM, Justice.

This is an original proceeding in this court by which Loyd McCoy (appellant in cause No. 2028, styled Loyd McCoy v. Henry Clark), as relator, prays that a writ of mandamus be issued to Wm. Arch Jones, Court Reporter for the District Court of Erath County, Texas, wherein said cause was tried, requiring said reporter to prepare and deliver to McCoy a free statement of facts, based on McCoy's affidavit of inability to pay or give security for the costs on appeal. See Art. 2278a, R.S.1925, as amended 1930, and Art. 2266, R.S.1925, as amended 1931, Vernon's Ann.Civ.St. arts. 2278a, 2266.

Heretofore we determined said application for mandamus favorably to McCoy and directed that mandamus issue to said reporter requiring him to prepare said statement of facts. On motion for rehearing, it being made known to us that notice of said application for mandamus and hearing thereon was issued to and served on the appellee Henry Clark alone, and that such notice was not issued to nor served on respondent, we withdrew said order and granted respondent's motion for rehearing.

Relator seeks to excuse his failure to proceed in the district court by a verified allegation to the effect that the time within which he might have done so was insufficient. The allegations of both parties are not as direct and specific as is desirable in such a proceeding.

However, disregarding other questions that might be raised, we think the cause must be determined by the uncontroverted allegation of respondent's verified answer to the effect that McCoy has released respondent from any legal obligation that otherwise might rest on him to prepare and deliver a free statement of facts in said cause. With reference thereto respondent swears, in effect, that one of relator's counsel informed respondent that he had instructed McCoy to go to said reporter's "office to make a deal for this reporter's services in making the portion of the evidence needed to cover the matters he desired to make contention on appeal"; that McCoy did not appear at the reporter's office and the reporter went to see McCoy; that "plaintiff immediately informed this reporter that he had decided to drop the case, and that he did not desire to have this reporter make up the record for appeal or any other purpose, that he did not believe there was much chance and did not wish to put this reporter to the trouble of doing the work for nothing; this reporter then asked him if he meant to release him from making the record up for nothing, informing plaintiff that there was a statute requiring the reporter to do so; but plaintiff stated he did not wish to carry the case any further, and did not wish to have this reporter do the work for nothing * * *." After this court had its former order, directing said reporter to prepare said statement of facts, delivered to said reporter, he again went to McCoy and this time procured a written, witnessed statement from McCoy which statement is attached to respondent's answer, in which McCoy says: "* * * sometime during the month of June or July, 1939, Mr. Jones came to the place where I was working and talked to me in regard to preparing papers for appeal. I told Mr. Jones at that time * * * that I did not wish to have him to make a statement of facts for nothing; and that I did not feel able to pay anything; and released him from his duty as court reporter to make up the statement of facts, knowing that he might be required to make it on my affidavit I had filed that I was unable to pay, or give bond for costs; and I released him from making it for nothing." McCoy has filed a verified reply to respondent's said answer in which he denies the truth of some parts of said answer but he does not deny that he knowingly and intentionally released the reporter from his duty to prepare a statement of facts in June or July, 1939, and that he reaffirmed said release in writing in October 1939. The record does not contain either allegations or evidence sufficient to show fraud, accident or mistake inducing McCoy to so release the reporter.

Before a writ of mandamus will issue, relator's right to the writ of mandamus must be clearly and certainly shown. If doubtful, it must be denied. Since relator has released respondent from any such duty as may have existed to prepare a free statement of facts that duty no longer exists. City of Richmond v. Allred, 123 Tex. 365, 367, 71 S.W.2d 233; City of El Paso v. Carroll, Tex.Civ.App., 108 S.W.2d 251, 255, writ refused.

The application for mandamus is, therefore, denied.