**ANTOINE v. ANDREWS et al.**

No. 11224.

Court of Civil Appeals of Texas. Galveston.

April 10, 1941.

John R. Cox and C. F. Stevens, both of Houston, for appellant.

Chas. E. Kamp, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County sustaining a general demurrer interposed by the appellees to the appellant's first amended original petition, and, on his declining to amend, dismissing his suit against the appellees, wherein he sought a writ of mandamus to compel such of the appellees as were the chairman and members of the Democratic Executive Committee of the City of Houston prior to an election for new members of such committee held on November 5, 1940, or

such others of the appellees as bccame their successors in such party positions at such election, "to order a new election for the election of Chairman of said Democratic Executive Committee and four members of said Executive Committee to be held under a proper ballot prepared and printed in accordance with the charter and ordinances of the City of Houston, Harris County, Texas, as above set forth. Plaintiff prays for full, general, and equitable relief."

This further statement, italicized only in immaterial respects, with the objective of more clearness, is taken, in substance, from the appellees' brief:

"Plaintiff's original petition was filed on the 22nd day of November, A. D. 1940. Thereafter plaintiff filed his first amended petition on the 2nd day of December, A. D. 1940. Appellees filed a general demurrer and general denial to the whole case.

"The appellees, M. L. O. Andrews, Sam Johnson, Virgil E. Arnold, W. C. Mulhausen, and Dr. Martha A. Wood composed the Democratic Executive Committee of the City of Houston, Texas, prior to November 5, 1940. On November 5, 1940, a Democratic Primary Election was held in the City of Houston, Texas, for the purpose of nominating for the Democratic party a candidate for mayor, city comptroller, and four city commissioners. At the same time and on the same ballot a new personnel of the City Democratic Executive Committee was *elected*.

"The purpose of the primary election was to choose Democratic nominees for the public offices named above, and to *elect* party officials to compose the new Democratic Executive Committee of the City of Houston, Texas.

"A preferential primary ballot providing for the opportunity of the voter casting first, second, and third choice ballots was provided for in the primary election held in the City of Houston, Texas, on November 5, 1940, in so far as it related to the nomination of public officials, to-wit, mayor, city comptroller, and four city commissioners for the City of Houston, Texas. However, in so far as it related to the *election* of *party officials* of the Democratic Party, to-wit, the new membership of the Democratic Executive Committee of the City of Houston, Texas, no second and third choice provision was provided for. The voters had the opportunity of voting only one choice therefor.

"Prior to the Democratic Primary Election of November 5, 1940, the appellant, together with five other persons, filed an application with the Democratic Executive Committee to become a candidate for the position of chairman of the Democratic Executive Committee of the City of Houston, Texas. The appellee, M. L. O. Andrews, was not a candidate to succeed himself. As is reflected by appellant's original petition filed herein in the district court of Harris County, Texas, the appellant occupied the top or first position on the ballot, and, out of 56,707 votes cast for all six persons running for the position of chairman of the Democratic Executive Committee of the City of Houston, Texas, appellant received only 5,073 votes, being the least number of votes received by any candidate for that position. The appellee, E. R. Coffey, received 14,506 votes, being the highest number received by any candidate running for the position of chairman of the Democratic Executive Committee of the City of Houston, Texas, and he was declared elected for the new term. The appellees, Dr. Martha A. Wood, H. F. Fischer, George A. Wilson, and William A. Miller, Jr., received the highest number of votes for the positions of members of the Democratic Executive Committee of the City of Houston, Texas, and they were declared elected to such positions, likewise for the new term.

"Thereafter (on November 22, 1940), appellant filed this suit in the 113th Judicial District Court of Harris County, Texas, in which he sought by an action in mandamus to compel the old Democratic Executive Committee of the City of Houston, Texas, to-wit, M. L. O. Andrews, as chairman, and Sam Johnson, Virgil E. Arnold, W. C. Mulhausen, and Dr. Martha A. Wood, as members thereof, or their successors, to order a new election for the election of a chairman and four members of the Democratic Executive Committee of the City of Houston, Texas, 'By A Ballot Prepared And Printed In Accordance With The Charter And Ordinances Of The City Of Houston'".

As thus appears, the appellant sought a writ of mandamus only for the specified purpose so quoted from his bill, against the chairman and members of the City

Democratic Executive Committee alone, not having made the City of Houston a party thereto, and, as likewise appears, first filed his application for that writ fifteen days after the primary election of November 5, 1940 had been held, that is, on November 22, 1940, which he amended on December 2 thereafter by filing his trial petition herein; in other words, he sought at that belated date to compel the pre-existing Democratic Executive Committee to do something, the time for doing which had expired on November 5, whereas—it is alleged—the succeeding committee would not come into office until the 2nd day of January, 1941.

After careful consideration, this court is clearly of opinion that, upon the facts stated in the petition for the writ, the learned trial court was correct in sustaining the general demurrer thereto, upon these, among other, considerations:

(1) Section 2 of Article IX of the City Charter of the City of Houston, provides as follows: "The expense of all primary elections held for the purpose of nominating candidates of any political party, or organization, for city offices shall be borne and paid for by the City of Houston."

As indicated, appellant sought alone the compulsion of a new election "under a ballot prepared and printed in accordance with the charter and ordinances of the City of Houston", which, as quoted Section 2, Article IX, recites, required the City to bear the expenses of such election, when it was not even made a party to the proceeding. Plainly, therefore, the City's interest was so vitally affected as to have made it a necessary party thereto; without it, the application was fatally defective. Kelly v. Lobit, Tex. Civ.App., 134 S.W.2d 428, and authorities there cited.

(2) It is true, as the quoted statement has shown, that no second or third choice voting privilege was provided for on the ballot upon which the appellant was a candidate for the new chairmanship at the election of November 5 of 1940, but appellant became a candidate upon that ballot for the position of such chairman, and took his chances before the voters in those circumstances; further, that he made no complaint thereof until the filing of this application two weeks after that election had been had, when he first filed this application for mandamus on November 22, although the ballot itself had contained this pledge upon his part:

"I am a democrat, and hereby pledge myself to abide by the results of this primary, and to support the nominees thereof."

"While the remedy by mandamus is not equitable, but strictly legal, yet by analogy to the principles prevailing in courts of equity it is a uniform requirement that the relator in seeking this remedy must come into court with clean hands". Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 181.

Moreover, having thus consented to so participate in the election, knowing of its providing no second nor third choice voting privileges, appellant was plainly estopped from using the secular courts in an effort to have undone what he thus consented to have done in the manner it was. Sigel v. Buccaneer Hotel Co., Tex. Civ.App., 40 S.W.2d 168.

(3) It also seems plain that, in the circumstances the bill itself clearly discloses, the prayed for writ of mandamus, if issued, would be fruitless; wherefore, there being left no justiciable controversy, the cause is moot. With the City of Houston, which alone under the charter provisions appellant invoked, to say nothing of their validity vel non, was to bear the expenses of the coveted election, not even a party to the proceeding, it is evident that it would have been impossible for the appellees to do what appellant's prayer would have required of them. Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216; Volume 1, page 1016, Corpus Juris Secundum Actions, § 17, c, "What Constitutes Moot Case"; Adams v. Bankers' Life Company, Tex.Com.App., 36 S.W.2d 182.

(4) Neither appellant's original nor his trial petition herein was verified in any way; this, likewise, was a defect that went to the very foundation of the proceeding. West v. Luttrell, Tex.Civ. App., 35 S.W.2d 744, and authorities there cited.

(5) There was here involved purely a political party office, or position, which, in so far as Texas is concerned, under its amended R.S. Article 3107, Vernon's Ann.Civ.St. art. 3107, seems to be a matter the party itself, in the management of its own internal affairs, had the inherent right to regulate. If that view be taken, in no event, did it lie in this appellant's mouth to complain of the fixed

custom of the Democratic party in filling its party places so as to permit none other than first-choice votes therefor.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require an affirmance of the appealed from judgment; it will be so ordered.

Affirmed.