**BEATY v. LEWIS, District Clerk, et al.**

**Motion No. 4045.**

Court of Civil Appeals of Texas. Waco.

May 1, 1941.

M. S. Wood, of Hillsboro, for Relator.

HALE, Justice.

On April 19, 1941, Mrs. Mamie C. Beaty filed in this court her motion for permission to file application for writ of mandamus to R. F. Lewis as clerk and George H. White as court reporter of the District Court of Hill county, Texas, to require respondents to prepare and furnish to her a complete transcript of the record and of the evidence, respectively, in the case of E. E. Averitte, Executor, et al. v. Mrs. Mamie C. Beaty.

From the application tendered, we are informed that judgment was rendered in said cause against relator on February 10, 1941, and her motion for new trial was overruled on March 1st, at which time she duly excepted and gave notice of appeal; that on March 17th, she filed with the clerk of the trial court her affidavit of inability to pay costs, and on March 26th, each of the respondents filed their separate sworn contests thereto; that on April 5th, the court, after hearing the evidence adduced, entered judgment sustaining the contests and denying to relator the right to appeal on her affidavit. A copy of the affidavit, of each of the contests, and of the court's order thereon is attached to the application. Relator alleges that the facts set forth in her affidavit of inability to pay the costs were "substantially supported by the evidence adduced at said hearing" and that the court erred in holding that "she was able and is able to pay said costs or to give security therefor." She prays that her application be filed and docketed, that notice be given to the opposing parties, and that upon a hearing the writ of mandamus be issued.

At the time of filing the motion, counsel for relator requested that no action be taken thereon until a statement of the facts developed upon the hearing in the trial court on her affidavit was secured. On April 29th a statement of such facts consisting of 85 pages was tendered in this court. We have reviewed the evidence which was submitted to the trial court and, after careful consideration of the same, we are not prepared to say that such an abuse of discretion is shown as would justify us in issuing the writ prayed for. George White testified to facts which, in our opinion, would authorize the court to find that relator had released him from the duty otherwise imposed upon him by law. McCoy v. Jones, Tex.Civ.App., 137 S.W.2d 832.

Furthermore, there is no showing in the application as to why the relief sought was not sooner applied for, nor is there any showing that such relief, if granted at the earliest possible date after

the required notice and hearing is given and had on the application, would enable relator to file the record in this court within the time required by law in order to have the merits of her proposed appeal passed upon. There is no showing in the application that an appeal on the transcript without a statement of facts would avail relator anything and it is indicated that such statement of facts would be voluminous and require considerable time for its preparation. We are convinced that no useful purpose would be served by further proceedings in the premises. Barrera v. McCormick, Tex.Civ.App., 63 S.W.2d 1084.

Therefore, the motion of the relator for leave to file her application for writ of mandamus is refused.