Mrs. A. M. "Billie" PICKARD et al., Appellants,

v.

Gregorio CASTILLO et al., Appellees.

No. 1215.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1977.

Michael Swan, Jeffrey Davis, Houston, for appellants.

Leota Roesch, James A. Herrmann, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from an order of the District Court of Willacy County, Texas granting a temporary injunction and a writ of mandamus in a dispute concerning the proper polling places in the forthcoming school trustee election, which is to be held on April 2, 1977. Suit was filed on March 3, 1977 by Gregorio Castillo, Marcelo Saenz and Nativadad Trejo against the Raymondville Independent School District and its Board of Trustees to enjoin the District and its Board of Trustees "from refusing to establish adequate polling places for the April 2, 1977 school election (of trustees)". The plaintiffs in their preliminary statement stated that they sought "mandatory injunctive relief or in the alternative, a writ of mandamus" to compel the defendant trustees to provide "adequate polling places" for the election. In the prayer, plaintiffs specifically asked for a temporary restraining order, and "on hearing", a temporary injunction, and for "a declaratory judgment that the failure of defendants to establish polling places within the boundaries" of certain *county* voting precincts deprived them of certain rights guaranteed them by both the State and Federal Constitutions. Numerous affidavits were attached to the petition.

A temporary restraining order was issued on March 4, 1977, which restrained the trustees "from implementing the election order promulgated at the February 8, 1977 meeting" of the school trustees. A hearing on the request for a temporary injunction was set for March 14, 1977. The attorneys for all parties were present at the hearing. An order entitled "ORDER FOR TEMPORARY INJUNCTION AND WRIT OF MANDAMUS" was signed by the Judge on March 14, 1977, wherein the court stated that plaintiffs were entitled to a "Temporary Injunction and Writ of Mandamus" for the reason "that Plaintiffs will be irreparably injured in that their voting rights will

be diluted and abridged if Defendants are not restrained from their proposed actions and ordered to take affirmative steps in establishing the requested polling places". The order decreed, in part:

\* \* \* \* \* \*

"It is accordingly ordered, adjudged and decreed that the Clerk of Court issue a writ of injunction and a writ of mandamus pending final hearing and determination of this cause

1. Restraining and enjoining Defendant members of the RISD Board of Trustees from:

a. Refusing to establish polling places within the boundaries of Precinct 1 where a great many of the registered Mexican American voters reside.

2. Directing, ordering and commanding defendant to forthwith proceed with all reasonable dispatch to

a. Take the necessary steps to establish a polling place in addition to those already established at the American Legion Hall and the Community and Historical Center, to wit:

1. The polling place for Precinct 1 shall be at the L. C. Smith Elementary School."

\* \* \* \* \* \*

Defendants were served on March 3, 1977. Appearance day was March 28, 1977. Defendants perfected their appeal to this Court on March 22, 1977, when they filed the transcript and statement of facts. As of that time, they had not filed an answer to the plaintiffs' petition.

Defendants complain of the trial court's actions in four points of error. In the first point, it is contended that the trial court was without authority to order the issuance of either a writ of temporary injunction or a writ of mandamus "for the reason that it was without authority to interfere in an election in progress". We agree. In the third point, defendants assert that the order, which, in effect, established two polling places within one election precinct was "in violation of the Texas Election Code provision that there shall be one polling place,

and no more, for any voting precinct". We further agree.

No evidence was presented or introduced at the hearing on March 14, 1977. The statement of facts contains only conversations between the judge and counsel for both parties. There is nothing therein that remotely smacks of evidence. There is no showing of any agreement between the parties as is permitted by Rule 11, T.R.C.P.[1]

The Court, in *Sone v. Braunig*, 469 S.W.2d 605, 611 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.), speaking through Justice Keith, noted:

"The purpose of Rule 11 'is to remove from the "fallibility of human recollection" agreements made by "counsel in the course of judicial proceeding which affect the interest of their clients". . . .'"

There is nothing in the record which intimates that the parties submitted any facts to the trial court which would, in effect, amount to an agreed statement of facts filed with the court, as authorized by Rule 263, T.R.C.P., nor is there an agreed statement of the case and of the facts proven, as provided by Rule 378, T.R.C.P.

The only facts that we can consider in disposing of the issues presented by this appeal are the statements made by defendants-appellants in their original brief which have not been challenged by plaintiffs-appellees. Rule 419, T.R.C.P. The following factual statement is made by defendants:

"On February 8, 1977, at a duly called meeting of the Board of Trustees of the Raymondville Independent School District, Appellants promulgated their Election Order which, *inter alia*, called the Trustee election for April 2, 1977, divided the School District into an east and west precinct and established a polling place centrally located in each precinct."

That statement was not challenged by plaintiffs in their reply brief.

The Board of Trustees of the involved school district, pursuant to the authority vested in them by Tex. Education Code Ann. § 23.07(a) and Tex. Election Code Ann. § 2.02(c) ordered the regular election of trustees on February 8, 1977, gave notice thereof that the election would be held on April 2, 1977, established two election precincts, and designated a polling place in each election precinct. In so doing, the Board was in complete compliance with Tex. Election Code Ann. § 2.02(h), which, in part, provides:

". . . There shall be one polling place, and no more, for each election precinct, and the notice of the election shall state the location of the polling place in each precinct."

It has been a long established rule that once the election process commences, the courts of this State have no jurisdiction to interfere with the political rights of the people to hold an election, and by holding an election is meant every step pertaining thereto beginning with the order calling the election through its completion. *City of Austin v. Thompson*, 147 Tex. 639, 219 S.W.2d 57 (1949); *City of Dallas v. Dallas Consolidated Electric St. Ry. Co.*, 105 Tex. 337, 148 S.W. 292, 294 (1912); *Killam v. Webb County*, 270 S.W.2d 628 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.); *Sams v. Sowell*, 519 S.W.2d 526 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ.); *Ellis v. Vanderslice*, 486 S.W.2d 155, 159 (Tex.Civ.App.—Dallas 1972, no writ); *Stroud v. Stiff*, 465 S.W.2d 407 (Tex.Civ.App.—Amarillo 1971, no writ). See also the concurring opinion by Justice Nye (now Chief Justice) of this Court in *Gonzalez, et ux v. King, et al.* (Tex.Civ.App.—Corpus Christi, 1970; no writ, unreported) of date of this opinion, but which has now been ordered to be published.

In the instant case, the election process for the election of trustees for the Raymondville Independent School District commenced on February 8, 1977. The order of the District Court of Willacy County that is under attack prevents the Board of Trus-

---

1. No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

tees of the Raymondville Independent School District from implementing the Election Order promulgated by the Board on that date. As a result, the election cannot now be held on the basis specified in the Election Order since an additional polling place is required. Moreover, that portion of the order which directs that a polling place be designated "at the L. C. Smith Elementary School" is in complete derogation of the mandatory provision of Tex. Election Code Ann. § 2.02(h), which unequivocally states that no more than one polling place shall be designated for *each* election precinct. The order, if carried out would provide for two polling places in one of the two established election precincts.

■ Furthermore, the entire election process is a matter for legislative regulation and control. *State v. Reyna*, 160 Tex. 404, 333 S.W.2d 832 (1960). As to such matters, the law does not purport to substitute the judgment of a judge (or jury) for that of duly elected officials, and the judiciary should not, in the absence of a clear mandate, interfere in the conduct of an election after the election process has begun, as it has done in this case. This is so, even though the election called and held is void. *Winder v. King*, 1 S.W.2d 587 (Tex.Comm'n. App.1928, jdgmt adopted).

■ Plaintiffs assert that the trial judge had the authority to grant the temporary injunction under the provision of Tex. Election Code Ann. § 14.14 (Supp.1976), which reads:

"The district courts of this state shall have jurisdiction to issue injunctions to enforce the provisions of this code upon application by any citizen of this state."

We do not agree. Sec. 14.14 does not purport to authorize a district court to interfere with an election in progress. Furthermore, there is no allegation in the petition that the Board of Trustees violated any provision of the Election Code, or in some manner failed to abide by any provisions thereof, or refused to perform any duty imposed upon it by the code. Sec. 14.14 has no application to the case at bar and does not vest jurisdiction in the trial court to grant the injunction that was granted in this case.

We hold that the district court was without jurisdiction to make the order that is attacked in this appeal. Under the record here presented, the granting of the temporary injunction and the provision for the issuance of a writ of mandamus constituted an interference with an election then in progress. Defendants' first and third points are sustained.

There are other reasons why the order complained of should be vacated and set aside. Assuming, arguendo, that the trial court had jurisdiction to order the establishment of a third polling place, the record will not sustain the court's granting of either a temporary injunction or providing for the issuance of a writ of mandamus to compel the establishment of an additional polling place.

■ We first consider the matter of the temporary injunction. As has been stated, plaintiffs did not introduce any evidence at the hearing, and there is no showing of any agreement between the parties as to facts. To authorize the issuance of a writ of temporary injunction, it was incumbent upon plaintiffs not only to plead facts which, if proved, would entitle them to injunctive relief, but to offer evidence at the hearing which would prove their probable right thereto on final hearing and of probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216 (Tex.Sup.1968). No such proof is found in the record before us. Proof of facts which will support the granting of a temporary injunction is not made by the affidavits that are attached to plaintiffs' petition. "Writs of injunction should not issue on mere surmise", and "the conduct of a 'hearing' implies that evidence will be offered". *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.Sup.1968). The injunction must be dissolved. Defendants' fourth point is sustained.

We now consider the trial court's order that a writ of mandamus issue. That portion of the order is attacked by defendants in their second point of error.

Before a writ of mandamus can issue, the petitioner must show a clear right thereto. *City of Richmond v. Allred*, 123 Tex. 365, 71 S.W.2d 233 (1934); *Fenner v. Brockmoller*, 404 S.W.2d 369, 371 (Tex.Civ.App.—El Paso 1966, no writ); *Southwestern Bell Tel. Co. v. Shell*, 266 S.W.2d 476, 478 (Tex.Civ.App. —Fort Worth 1954, no writ); *Harbert v. Owen*, 26 S.W.2d 670, 671 (Tex.Civ.App.— Eastland 1930, no writ); *Johnson v. Elliott*, 168 S.W. 968, 972 (Tex.Civ.App.—Texarkana 1914, writ dism'd). Plaintiffs did not meet the burden of clearly showing that they were entitled to a writ of mandamus in this case.

■ Mandamus lies to enforce the performance of a nondiscretionary act or duty and will issue only when the act or duty is ministerial in character. It does not lie to compel a public officer or board (such as a Board of Trustees) to act in matters involving the exercise of judgment or discretion, unless the officer or board refuses to exercise the discretion vested in him (it), or has clearly abused his or its discretion by arbitrary action. *Grant v. Ammerman*, 437 S.W.2d 547 (Tex.Sup.1969); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *Industrial Accident Board v. Glenn*, 144 Tex. 378, 190 S.W.2d 805 (1945); *Sansom v. Mercer*, 68 Tex. 488, 5 S.W. 62 (1887) *City of Brownwood v. Brown Telegraph & Telephone Co.*, 152 S.W. 709 (Tex.Civ.App.—Austin 1913), *aff'd*, 106 Tex. 114, 157 S.W. 1163; *Anderson v. Crow*, 260 S.W.2d 227 (Tex.Civ.App. —Austin 1953, mand. overr.); *Donna Independent School Dist. v. First State Bank of Donna*, 227 S.W. 974 (Tex.Civ.App.—San Antonio 1921, no writ); 37 Tex.Jur.2d, Mandamus §§ 18–22.

■ In the case at bar, the order, insofar as it directed the issuance of a writ of mandamus, cannot stand because plaintiffs' petition, the only basis for the issuance of the writ, was not sworn to or verified. *Shirley & Holland v. Connor*, 98 Tex. 63, 80 S.W. 984 (1904); *Cantrell v. Carlson*, 313 S.W.2d 624 (Tex.Civ.App.—Dallas 1958, no writ); *Antoine v. Andrews*, 150 S.W.2d 293 (Tex.Civ.App.—Galveston 1941, no writ);

*West v. Luttrell*, 35 S.W.2d 744 (Tex.Civ. App.—Austin 1931, writ dism'd). The only cases where the rule which requires verification of the petition has been relaxed are cases where there was a full evidentiary hearing. That is not the case here. No factual basis is shown to support the order providing for the issuance of a writ of mandamus. The facts alleged in plaintiffs' unsworn and unverified petition may not be considered as evidence. The factual statements contained in the affidavits that are attached to plaintiffs' petition do not constitute proof of any fact and do not form any basis for the issuance of the writ. The affidavits were never offered into evidence at the hearing.

■ Tex. Election Code Ann. § 2.02(c) gives the Board of Trustees of a school district the exclusive authority to establish election precincts and designate the polling places for elections held by the school district. The defendant Board of Trustees in this case exercised that authority by promulgating the February 8, 1977 Election Order, whereby, as authorized by Tex. Election Code Ann. § 2.02(h), two election precincts were established and a polling place in each precinct was designated. The order of the trial court not only ordered the designation of an additional polling place, but further specified its exact location. Clearly, the establishment of voting precincts and the geographical designation of the polling place in each precinct lies within the sole discretion of the Board of Trustees. The designation by the trial court of the "L. C. Smith Elementary School" as an additional polling place was not authorized by law. A Court may order a Board of Trustees to establish additional voting precincts and to designate a polling place therein but the geographical limits of the precinct and the pinpoint location of the voting place therein is left to the discretion of the Board, not to that of the court. It is only where there has been a refusal to exercise discretion or a clear abuse thereof can a court review the actions of the officer or board, and even in that case, a court cannot

substitute its discretion for that of the officer or board, as the case may be.

The ordering of the additional polling place constituted a violation of Tex. Election Code Ann. § 2.02(h), in that the order provided for the designation of two polling places in one voting precinct, while the statute permits the designation of only one such polling place. The trial court has ordered the Board of Trustees to do an act that is prohibited by a statute. This should not be done. A public official or a board cannot be compelled by mandamus to do anything which he (it) has no authority to do, or which violates a statute. *Moore v. McCallum*, 116 Tex. 142, 287 S.W. 493 (1926); *Corsicana Cotton Mills v. Sheppard*, 123 Tex. 352, 71 S.W.2d 247 (1934, opinion adopted).

The trial court's order that a writ of mandamus issue constituted an unwarranted judicial interference in an election after the election process had begun and before it had been completed. Under the circumstances existing, the district court was without authority to direct the issuance of a writ of mandamus that would compel the Board of Trustees to establish a polling place at the "L. C. Smith Elementary School". The order which directed the issuance of a writ of mandamus must be set aside. Defendants' second point is sustained.

The judgment of the trial court is REVERSED; the temporary injunction is DISSOLVED; and the order providing for the issuance of a writ of mandamus is VACATED AND SET ASIDE.