CAMPBELL, Mayor, et al. v. WRIGHT, Co. Atty., et al.

No. 9988.

Court of Civil Appeals of Texas. San Antonio.

May 6, 1936.

Rehearing Denied June 10, 1936.

R. F. Robinson, of Raymondville, for appellants.

Jesse G. Foster, S. L. Gill, and A. B. Crane, all of Raymondville, for appellees.

BOBBITT, Justice.

Appellants, H. D. Campbell, mayor, R. B. Bush and E. J. Sanders, city commissioners, and E. M. Tomme, city secretary, constituting and acting as the city commission and governing body of the city of Raymondville, prosecute this appeal from a judgment of the 103d district court of Willacy county, declaring void an election there held, and setting aside the orders declaring the result thereof, and holding same to be invalid.

The city of Raymondville is incorporated under the general laws of the state of Texas, and operates under the commission form of government. Pursuant to its authority so to do, the city commission called, and there was held in said city, on the 14th day of November, 1935, an election to determine the will or desire of the electors on the questions: First, as to adopting the provisions of chapter 18, Acts of the 4th Called Session of the 43d Legislature, 1934 (Vernon's Ann.Civ.St. art. 1118c), authorizing the city to so proceed; and, second, expressing the will of the electorate, and authorizing the action of the city commission under the law, if the first proposition should be adopted, as to the acquiring, encumbering, and the operation of a lighting and power plant and system by the municipality, under the terms set out in the proposal, and all as provided by articles 1111 to 1118, inclusive, of the Revised Civil Statutes of Texas 1925, as amended (Vernon's Ann.Civ.St. arts. 1111–1118).

As we understand the record before us, the following proceedings, facts, and circumstances are true, and, in fact, undisputed:

(1) That this election was held under and. pursuant to provisions of section 3a, art. 6, of the Constitution of Texas, as adopted

pursuant to the election held November 8, 1932.

(2) That only 27 votes or ballots were permitted, recognized, and counted by the election officers holding such election; 20 of such ballots were recorded as in favor of each of the two proposals submitted, and 7 against each proposal; showing, according to the results as found and declared by the election officers, a majority of 13 in favor of each of the proposals as submitted, both of which were advocated by the said members of the city commission.

(3) That no elector (except the wives of certain electors) was permitted to cast a ballot at such election, though in every other particular fully qualified, unless such elector had, prior to April 1, 1935, "signed, sworn to, and filed with the city tax assessor of Raymondville, Texas, a rendition blank rendering his property for taxation by the City of Raymondville." With the exception of the wives, as noted above, all electors who presented themselves at the ballot box and who could not show a literal compliance with such ruling and requirement by the election officers were denied the right and not permitted to cast their ballots.

(4) That 23 electors, all resident property taxpayers within the city of Raymondville, each having duly paid his poll tax, each having property on the tax rolls of said city rendered against him for taxes which he is liable for the year in question, and which such property was placed on the tax rolls under the direction, or at least with the approval or acquiescence, of said taxpayers, in accordance with the previous custom, practice, and agreement between the taxpayers and the city assessor, were denied the right and refused the privilege of casting their ballots at such election.

(5) That each of the said 23 electors demanded the right to cast his ballot at such election, and, if they had been permitted to vote, would each have voted against each of the above-stated propositions, and that such votes would have materially affected, and in fact changed, the result of such election.

(6) That the sole reason or excuse used or asserted against the right of such 23 electors to vote was their failure to "sign, swear to, and file" with the city tax assessor a rendition blank or list containing a description of their property; that each of them were otherwise fully qualified, under the Constitution and laws of Texas, to vote at such election.

Appellees herein, Hubert G. Wright, as county attorney of Willacy county, R. H. Adair, A. B. Crane, F. G. Fawkes, E. W. Bauer, Otto Becka, and G. C. Harris, all residents and property taxpaying citizens of the city of Raymondville, brought this suit on December 10, 1935, contesting said election; and, by agreement of all parties, it was tried on January 24, 1936, resulting in the entry of the judgment above stated.

Appellants challenge the sufficiency of appellees' pleadings, and assert numerous assignments and propositions of alleged error on the part of the trial court, in his rulings on the exceptions thereto. After a careful review of the record, we are convinced that the pleadings were sufficient to raise the questions here presented, and we overrule all of appellants' propositions relating to action of the trial court on appellants' exceptions and objections to appellees' pleadings.

Appellees here now urge various exceptions and objections to the propositions and assignments as briefed and presented by appellants on this appeal, and on numerous and stated grounds assert that we should not consider same. While there may be merit in some of the exceptions and objections made to appellants' assignments and propositions, we have given consideration to all of them, in view of the nature of the main question raised, in the appeal, and we therefore overrule all of appellees' contentions in this respect.

As we view the record before us, this appeal presents one controlling and extremely important question. That question involves the highest privilege and duty of citizenship—the right and obligation to vote at an election affecting one's government and property. Passing over all immaterial matters and facing the issue squarely, appellants contend that under the provisions of section 3a, article 6, of the Constitution of Texas, and in the fact situation above outlined, election officers are authorized to deny a citizen the right and privilege of casting his ballot at an election duly held and on a proposition affecting his property and rights, on the sole ground that such citizen failed to "sign, swear to, and file, prior to April 1st of the year involved, a rendition blank or list rendering his property for taxation therein with the tax assessor of the municipality or authority levying the taxes." In other words, and as contended by appellants in this case, granting that a citizen is in every way duly qualified

to vote, that he owns property in the city which has in fact been placed on the tax rolls and he is liable to pay the same, that his property and rights are affected by the proposition to be voted upon at the election, and he desires and presents himself at the polls regularly and asks for a ballot to express his will, the election officials are authorized to deny him the right to vote on the sole ground that he, in person, failed to "sign, swear to, and file a rendition blank rendering his property for taxation prior to April 1st" of the current year.

We do not believe this to be the law of Texas, and we think the trial court properly refused to follow such contention.

■ Section 3a of article 6 of the Constitution provides: "When an election is held by any county, or any number of counties, or any political sub-division of the State, or any political sub-division of a county, or any defined district now or hereafter to be described and defined within the State and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence."

It is clear that this provision of the Constitution applies to and governs the instant case. City of Richmond v. Allred, Atty. Gen., 123 Tex. 365, 71 S.W.(2d) 233; City of Dayton v. Allred, 123 Tex. 60, 68 S.W. (2d) 172; McCann v. Akard (Tex.Com. App.) 68 S.W.(2d) 1033.

It is observed that no such rule or requirement as was used by appellants, or the election officers, in the case at bar to deprive the said 23 electors of their right to vote, is set forth in such section of the Constitution. The Constitution says property owners "who have duly rendered the same for taxation" shall be qualified to vote.

It is our opinion that the true purpose of such constitutional provision under which this election was held is to restrict and limit the lower and authority of nonproperty owning or nontaxpaying citizens to pile tax burdens and obligations upon those citizens who in fact own and hold property and pay the taxes thereon. It was the real intent of the citizens in adopting such constitu-

tional amendment to afford some measure of proper protection to the acquisition and ownership of property in this state. A fair and practical analysis of such amendment to the Constitution as well as all statutes enacted thereunder or applicable thereto, or regulating elections to be held thereunder, show conclusively that the true intent and purpose of all such enactments was to encourage and safeguard the ownership of property and the payment of taxes by thrifty and law-abiding citizens, and not to hamper, discourage, or restrict the rights and privileges of such citizens in the lawful acquisition, ownership, and protection of property. To follow or permit the construction here contended for by appellants would make it more difficult to secure the will or desire of the citizens whose rights and property are directly affected by the proposal, and would, as in this very case, result in depriving property owning, taxpaying citizens of their most sacred right and only effective safeguard—that of casting their ballots and determining for themselves, in accordance with law, the issues of governmental policies and tax burdens. Such deprivation and consequence, furthermore, results, as we view the situation, not from a reasonable and just construction of the law, but from a technical and narrow construction which cannot be justified, it seems to us, on any reasonable basis or ground.

■ It seems clear that, even under the construction of the law and rules conceded by appellants, the wife may be represented by the husband and the husband by the wife in property renditions without either, in such cases, losing or being deprived of their important right and privilege of voting. No citizen qualified to vote in this state should be denied that right or deprived of the exercise of that privilege and duty, except upon a very definite legal ground or upon a clear showing that he has intentionally or willfully failed or refused to comply with the law forming the basis of such right.

■ We therefore overrule the contention of appellants herein and sustain the action of the trial court. In this decision we hold that under the facts of this case, in the absence of a charge of fraud or wrongdoing, and under the provisions of section 3a, art. 6, of the Constitution, it is not necessary that a citizen personally sign, swear to, and file a rendition blank with the tax assessor, as was required by the election officers in this instance, to enable him to cast his ballot.

An elector who in all other respects is fully qualified to vote at an election, such as was held in this case, cannot lawfully be deprived of his constitutional right to vote, if his property is in fact on the tax rolls and he is liable for the payment of such taxes, even though he did not personally make the rendition in strict accordance with the general or special statutes governing the rendition of property for taxes, or those relating to the collection of such taxes.

As against the constitutional right of the citizen to vote, all such statutes are directory. All such statutes were enacted for the purpose to which they specially relate, and not for the purpose or to have the effect of depriving the good-faith citizen, in the absence of fraud or wrongdoing, of his fundamental rights as an elector. If the property of the citizen is on the tax rolls and he is liable for the taxes assessed, in regular order, he has "duly rendered" same, in so far as his right to vote is concerned, without regard to the particular manner or form through which the rendition was made. Article 6, Constitution of Texas, as amended; Tex.Jur. vol. 16, pp. 37 to 56, inclusive; Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880; Smith v. Patterson, 111 Tex. 535, 242 S.W. 749; Cameron v. Connally, 117 Tex. 159, 299 S.W. 221; Moore v. Plott (Tex.Civ.App.) 206 S.W. 958, and Supreme Court cases cited.

For the reasons stated, and because we find no reversible error on the part of the trial court in this cause, the judgment will be affirmed.