**DUBOSE et al. v. AINSWORTH, Mayor.**

**No. 10656.**

Court of Civil Appeals of Texas.
San Antonio.

March 6, 1940.

Rehearing Denied May 1, 1940.

Miller & Miller, of Gonzales, for appellants.

Willis W. Ellison and Denver E. Perkins, both of Gonzales, for appellee.

MURRAY, Justice.

This is an election contest involving an election held within the City of Gonzales, Texas, a municipal corporation, on the 30th day of September, A. D. 1938, for the purpose of determining whether or not the City should be authorized to issue revenue bonds in the amount of $125,000, to provide funds to build and purchase a city lighting and power system.

The election returns reflected that 302 votes had been cast in favor of the proposition and 274 votes against it, and an order was entered declaring that the proposition submitted had carried.

The contestants, C. E. DuBose and M. S. Spooner, as electors and property taxpaying citizens of said City, instituted this

contest, naming as contestee S. M. Ainsworth, as Mayor of the City of Gonzales.

The trial court, after striking out some illegal votes on both sides, declared the result to be 276 votes for and 263 votes against the proposition submitted, and also declared the bonds carried.

Contestants have prosecuted this appeal.

Appellants' first two propositions present the contention that the following named persons, who voted at such election, to-wit: John Sedlacek, W. M. Sedlacek, John A. Romberg, J. S. Cleveland, Zilmon Hinton, Geo. H. Kerr, Mike Ara, Wash Talley, Charles Ferrell, Mrs. Sarah Beall, Carey Fleda Hoskins, Raguet Hoskins, John L. Piwetz, J. H. Veach, Mrs. J. H. Veach, Mrs. John Sedlacek, Elizabeth Sedlacek and Mabel Gardien, were not qualified electors who own taxable property in the City of Gonzales, and who had duly rendered the same for taxation as is required by Section 3a of Article 6, of the Constitution of the State of Texas, Vernon's Ann. St., in that they had not rendered their property prior to April 1, 1938, and had not rendered same until after the board of equalization had adjourned.

Article 1043, R.C.S.1925, reads as follows: "Each person, partnership and corporation owning property within the limits of the corporation shall, between January first and April first of each year, hand to the city assessor and collector a full and complete sworn inventory of the property possessed or controlled by him, her or them, within said limits on the first day of January of the current year. If the fiscal year of a municipal corporation runs otherwise than the calendar year, such corporation may by ordinance require said inventory to be made as of the first day of such fiscal year, in which case the inventory shall be handed to the city assessor and collector within the first three months of the fiscal year. (As amended Acts 1934, 43rd Leg., 3rd C.S., p. 50, ch. 27, § 1.)" Pocket Part Vol. 2, Vernon's Annotated Statutes, art. 1043.

The City of Gonzales has a City ordinance making it a penal offense to not render property as required by Article 1043, supra.

The question here presented is whether or not the requirement of Article 1043, supra, that property must be rendered during the first three months of the fiscal year of the city, is directory or mandatory.

The Court of Civil Appeals for the First Supreme Judicial District, in Gus A. Markowsky et al., v. J. T. Newman et al., 138 S.W.2d 896, certified this question to the Supreme Court, and in an opinion by the Commission of Appeals, Sec. B., 136 S.W. 2d 808, 814, delivered on February 21, 1940 (and not yet [reported in State Reports]), secured the following answer, to-wit: "With reference to the third question, 'Is R.S. Article 1043 mandatory, or merely directory?' we answer in accordance with our conclusions above expressed that the Article 1043, with reference to time of rendition of property is directory. It must be understood that our answer to the third question is limited to the time element of the statute, because the facts of this certificate have only placed that question before us."

Upon this authority appellants' first two propositions will be overruled.

By their third proposition appellants contend that the above named persons did not render their property in good faith, but only rendered property of small value for the purpose of qualifying themselves to vote in this election. The amount of property rendered, or the motive prompting the voter to render his property is immaterial in determining whether the requirements of Section 3a, Article 6, of the Constitution has been complied with by a property owner. This proposition is overruled.

By their fourth proposition appellants challenge some twenty-three votes because such voters did not in person, or by agent render their property, but such property was merely placed upon the assessment rolls in their names by the assessor.

We overrule this proposition upon the authority of Texas Public Utilities Corporation v. Holland, Tex.Civ.App., 123 S. W.2d 1028, and Campbell, Mayor, v. Wright, Tex.Civ.App., 95 S.W.2d 149.

By their fifth proposition appellants contend that the City ordinance of the City of Gonzales, making it a penal offense to fail or refuse to make such rendition as is provided for in Art. 1043, supra, is sufficient to make Art. 1043 a mandatory provision rather than a directory provision of

the statutes. We overrule this contention as being without merit.

By propositions 6, 7, 8, 9 and 10, only six votes are challenged and should all of these be sustained they would not be sufficient to change the result of the election, which, according to the judgment of the trial court, was carried by thirteen votes. These propositions are therefore rendered immaterial.

The judgment is affirmed.