

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXX~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Affirmed by WW-1024

Honorable Charles S. McMillan
County Attorney
San Augustine, Texas

Dear Sir:

Opinion Number O-2126
Re: Qualifications of
voters in bond
elections.

We acknowledge receipt of your letter of recent date wherein you ask for an opinion on the qualifications of voters in bond elections. You particularly ask for our construction of the Supreme Court's opinion in the case of Gus A. Markowsky, et al vs. J. T. Newman, et al., 136 S.W.(2d) 808.

In our Opinion Number O-1178, a copy of which is enclosed herein, this department held that "all persons who had paid their poll tax and who owned taxable property, either real or personal, were qualified to vote in bond elections if their property was rendered by them personally or through an agent, or was assessed by the tax assessor if the property owner had failed to render the property." Citing Section 3a of Article 6 of the Constitution of Texas; Article 2955a, Vernon's Annotated Civil Statutes; Campbell vs. Wright, 95 S.W. (2d) 149; Texas Public Utilities Corporation vs. Holland, 123 S.W. (2d) 1028). In that opinion we also called attention to the fact that there was pending before the Supreme Court a certified question in the case of Markowsky vs. Newman, et al., from the Galveston Court of Civil Appeals, as to the correct interpretation of Article 2955a, Vernon's Annotated Civil Statutes.

However, after studying the case it is our opinion that the court held that the fact that taxpayers

did not render their property until after the time set by statute (Article 1043, R. C. S.) did not prevent them from voting. It seems that the facts in this case were that all of the taxpayers had actually rendered their property for taxation prior to the election but after the time set by statute for making the rendition. The Court held that the statute setting the time by which rendition must be made was directory and not mandatory. We think that the reasoning used by the Supreme Court in this case indicates very strongly that the court might hold that assessment by the assessor would not be sufficient and that the property must be rendered by the taxpayer himself. However, we do not believe that the case can be construed to form a basis of a reversal of Campbell vs. Wright and Texas Public Utilities Corporation vs. Holland, on the point that it is not necessary to personally sign a rendition sheet in order to be eligible to vote.

Until the Supreme Court acts on this point, we feel that the opinions of the Courts of Civil Appeals, cited above, is the law of this State and should be followed in giving your instructions to election officials.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Claud O. Boothman
                    Assistant

COB-s:mjs

APPROVED MAY 21, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By    BWB
        Chairman