WINGO v. SEALE et al.

No. 11821.

Court of Civil Appeals of Texas.
San Antonio.

June 2, 1948.

Rehearing Denied July 14, 1948.

Luther E. Jones, Jr., of Corpus Christi, for appellant.

Tillman Smith and Tom E. Pogue, both of Corpus Christi, for appellees.

MURRAY, Justice.

This is an election contest brought for the purpose of setting aside certain ordinances of the City Council of the City of Corpus Christi, declaring ten bond issues to have been carried. There were eight tax-supported bond propositions and two revenue bond propositions submitted to the voters and all propositions were declared carried, 831 votes being the largest majority declared for any proposition. Contestant's statement of grounds for contest challenged the legality of more than 1000 votes.

The trial court sustained an exception to contestant's statement of grounds of contest and a second trial amendment was filed. An exception was sustained to this pleading and a third trial amendment was tendered to the court, but leave to file was denied and the election contest dismissed. Bryan Wingo, contestant below, has prosecuted this appeal.

Article 6, § 3a, of the Constitution of Texas, Vernon's Ann.St., provides, among other things, "When an election is held by * * * any city * * * for the purpose of issuing bonds * * * only qualified electors who own taxable property in the * * * city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote * * *." The provisions of Art. 2955a of Vernon's Ann.Civ. Stats., are to the same effect. The VIII and IX paragraphs of contestant's statement are as follows:

"VIII. Each of the persons named on Exhibit D attached hereto and made a part hereof cast a ballot in said elections. Said persons are grouped on said Exhibit D according to the bond election precincts in which they respectively voted. Opposite the name of each such person on said Exhibit D is the number appearing opposite the name of such person on the poll list made up and prepared by the election of—

ficials in the bond election precinct where such person voted.

"IX. At the time of said elections, none of said persons named on said Exhibit D owned property which previously had by them been duly rendered for taxation by said city. Nor at said time was there on the current tax rolls of said city in the respective names of said persons any property which previously had been caused to be placed thereon by their agents, or by the tax assessor collector of said city, or by any one else. Nor at said time was any of said persons subject to liability for any taxes of said city assessed against any property on said tax rolls."

Contestees excepted to said paragraphs VIII and IX in the following language:

"Contestees further specially demur and except to paragraphs VIII and IX of Contestant's Statement of Grounds for Elections' Contest and petition wherein the allegations pertain to property being rendered, assessment of property for taxes, and names appearing on the tax roll, as they are immaterial in determining the validity of an election insofar as qualifications of an elector are concerned and could in no way contain grounds for the contest of an election, there being no law of the State of Texas, statutory or otherwise, which makes mandatory the rendition of one's property, the assessment thereof or the appearance of one's name upon a tax roll before he can become a qualified voter; and said petition or statement of grounds fails to allege any matter in paragraphs VIII and IX thereof which in any way disqualifies any of the persons named in said petition or Contestant's grounds from voting. Of which special exception and demurrer Contestees pray judgment of the Court that this cause be dismissed."

This exception was sustained by the trial court. Error is assigned to this action, but we pretermit any discussion of this matter as a second trial amendment was filed in the following language, to-wit:

"IX-A. For many years the City of Corpus Christi, Texas, by its City Council has annually levied taxes against taxable property in said City and such taxes applicable to the year 1947 were duly levied by the said Council several months prior to the time of said elections. At the time of said elections none of said persons named on said Exhibit D owned any taxable property which previously had by them been duly rendered for taxation by said City within the meaning of the words 'duly rendered' as used in Section 3a of Article VI of the Texas Constitution and Article 2955a, Vernon's Ann.Rev.Civ.Stats. of Texas,

"(a) in that at said time none of said persons owned any taxable property which previously had been placed on the City tax rolls in a legal manner; and

"(b) in that at said time none of said persons owned any taxable property described or identified in the then existing city tax rolls as being by them owned; and

"(c) in that at said time none of said persons was liable or subject to become liable to pay for any taxes of said city previously assessed by the tax assessor of said city against any property then on the tax rolls of said city; and

"(d) in that at said time none of said persons owned any taxable property which previously had been made the subject of valid assessments by the tax assessor of said city enforceable against said persons or any property owned by them; and

"(e) in that at said time none of said persons owned any taxable property against which there had previously been perfected any tax assessments of said city sufficient to fasten upon said persons legal liability to pay to said City any City property taxes or sufficient to fasten upon any property in said city owned by said persons any tax lien for any city property taxes; and

"(f) in that at said time none of said persons owned any taxable property described or identified as being owned by them in any forms, lists or books previously submitted by the City tax assessor to the City board of equalization for adjustment of property valuations; and

"(g) in that at said time none of said persons owned any taxable property which previously had been placed upon the tax rolls of said city in their names by said city tax assessor or by anyone else; and

"(h) in that at said time the names of none of said persons appeared on the then existing tax rolls of said city; and

"(i) in that none of said persons at said time owned any taxable property with respect to which they had previously given an account to the tax assessor of said city for taxation by said city; and

"(j) in that none of said persons at said time owned any taxable property which by them had previously been duly listed with the city tax assessor of said city in accordance with provisions of law applicable to rendition of property for city taxation; and

"(k) in that none of said persons at said time owned any taxable property which by them had previously been surrendered for taxation by said city; by reason of all of the foregoing said persons were not qualified to vote in said elections, or any of them, and their votes should accordingly be by this Court subtracted from the legal votes which were cast in said elections."

■ The trial court sustained this exception and dismissed the contest. In doing so reversible error was committed. In the first place, the exception was too general and does not comply with Rules 90 and 91, T.R.C.P. Rule 90, among other things, abolishes the general demurrer and provides that defects, omissions and faults in a pleading which are not specifically pointed out are waived. Rule 91 provides that a "special exception shall * * * also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to."

■ Sec. 3a of Art. VI of the Texas Constitution plainly states that in a city bond election only voters who own taxable property in the city and who have duly rendered the same for taxation are qualified to vote in such an election. The allegations of contestant's statement were sufficient to charge that the persons whose names appeared on Exhibit "D" had not duly rendered their property in the City of Corpus Christi. At least the exception does not point out specifically wherein such pleadings have failed to so allege. Thus it is nothing more than a general demurrer.

Cochran v. People's Nat. Bank, Tex.Civ. App., 271 S.W. 433; Mueller v. Sutherland, Tex.Civ.App., 179 S.W.2d 801; Pena v. Snare, Tex.Civ.App., 196 S.W.2d 207; Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983.

■ There are a number of decisions defining what is meant by duly rendered and there are many ways in which a voter may be said to have duly rendered his property. Campbell v. Wright, Tex.Civ.App., 95 S.W.2d 149; Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808; Texas Public Utilities Corp. v. Holland, Tex.Civ.App., 123 S.W.2d 1028. It may be shown that a voter has duly rendered property in the various ways in which our courts have held property can be regarded as duly rendered, but this does not prevent an allegation that a voter has not duly rendered his property from being a sufficient allegation as to why he is disqualified to vote in a bond election and especially where the special exception does not specifically point out the deficiency in the pleading.

■■ Contestees contend that there is a want of jurisdiction in that contestant did not show that there would be a different result of the election if the votes he .challenged were not counted. Contestant did not allege that the persons whose names were set forth in Exhibit "D" voted for the various bond issues and that if their votes were deducted from the total number cast for the bond issues the result of the election would have been different. Ordinarily, such an allegation is necessary and if an exception had been leveled at his failure in this particular it should have been and no doubt would have been sustained by the trial court, but contestees by their failure to make such an exception waived the matter. In other words, contestees' statement was subject to general demurrer in this particular, but we no longer have the general demurrer. Rule 90, T.R.C.P.

■ Appellees have filed a motion to dismiss this appeal on the ground that the same is moot. The basis for this contention is an ordinance of the city council purporting to revoke the previous order providing for the issuance of the bonds. This order was passed after judgment of

the trial court was rendered. Its existence is made known to us by affidavit. Appellant, however, disputes the validity, legality and bindingness of this order.

The validity of the revoking order should be determined in the regular manner by a direct proceeding in the district court rather than in this Court as an incident collateral to a question relating to our jurisdiction. Since it does not clearly and definitely appear that the appeal is moot, appellees' motion to dismiss on that ground is overruled.

The judgment is reversed and the cause remanded.