**P. T. WRIGHT, Sr., et al., Appellants,**

v.

**COUNTY OF DUVAL et al., Appellees.**

No. 13601.

Court of Civil Appeals of Texas.

San Antonio.

April 20, 1960.

Rehearing Overruled May 18, 1960.

Sidney P. Chandler, Corpus Christi, for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

POPE, Justice.

Plaintiffs sued for and the trial court denied an injunction temporarily restraining Duval County from collecting ad valorem taxes for 1959. Plaintiffs filed suit on July 9, 1959, and prayed that Duval County and its officers be restrained from preparing tax rolls which omitted large amounts of personal property, and from collecting taxes until the .tax rolls were prepared in accord with the law. The trial court, after notice and hearing, on July 18 granted a conditional temporary injunction until such time as plaintiffs were given notice and an opportunity to be heard by the Board of Equalization. The Board sent notices to plaintiffs as well as all other taxpayers, and commenced hearings, but plaintiffs failed to appear. None of the plaintiffs rendered their property.

The hearings proceeded and work on the rolls continued. Almost five months after their original suit was filed, plaintiffs on December 7, 1959, filed an amended petition. They asked that the county be temporarily enjoined from making up the rolls without including all taxable property, from sending out tax notices seeking to collect taxes, and from attempting to collect the taxes. This amended petition, for the first time, asserted that the suit was filed on behalf of plaintiffs and all taxpayers as a class. At the hearing on this amended petition for temporary injunction, plaintiffs developed evidence which showed that the tax rolls omitted certain personal property, such as bank deposits, furniture, automobiles and livestock. They urged that the tax rolls were unequal, unfair, excessive, and discriminatory.

The trial court denied the injunction by an order signed on December 22, 1959. We note that this suit was pending and inactive for five months, and during the very time that the tax officials were preparing the rolls. Most of the actions sought to be enjoined, including the collection of taxes, were substantially accomplished by the time the trial was over and no doubt have continued to the present. Duval County insists that the suit is now moot. We do not rest our decision upon that ground, but upon the reason that this is only a temporary injunc-

tion matter and not a trial upon the merits. Upon that trial, Duval County will have ample opportunity to urge that the case is moot. Wingo v. Seale, Tex.Civ.App., 212 S.W.2d 968, 971. The Supreme Court has said, with respect to a suit for temporary injunction against the collection of ad valorem taxes: "It appears that there is no threat of irreparable injury or damage to petitioner pending a final determination of the case on the merits * * * and an abuse of the legal discretion vested in the trial court was not shown." West Texas Gulf Pipe Line Co. v. Hardin County, Tex., 321 S.W.2d 576, 577.

The decree is affirmed.