J. J. RICHTER et al., Appellants,

v.

J. C. MARTIN, Jr., Mayor of the City of Laredo, Appellee.

No. 13586.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1961.

John Fitzgerald Ryan, Laredo, for appellants.

Gerald Weatherly, William W. Allen, Philip A. Kazen, Laredo, Wiley W. Stem, Jr., Naman, Howell, Smith & Chase, Waco, for appellee.

BARROW, Justice.

This is an appeal by contestants from an adverse judgment in an election contest. The election was held under the provisions of the Texas Urban Renewal Law, Article 1269*l*–3, Vernon's Ann.Tex. Stats. Judgment of dismissal of the contest was rendered on the pleadings and stipulations, without trial on the merits.

The contestants based their appeal upon two points: (1) That the provisions of the statute "which restrict the privilege of voting in an urban renewal election to property owners who have duly rendered their property for taxation are unconstitutional, and this election was, therefore, void." (2) As an alternative point, contestants contend that they "sufficiently alleged that a material number of voters in such election had not duly rendered their property for taxation as required by the Constitution, and, consequently, were not qualified to vote."

This Court, in an opinion by Justice Pope (337 S.W.2d 134), sustained contestants' first point and held said election void. The Supreme Court reversed the decision of this Court on the constitutional question and remanded the case to this Court for further consideration. Martin et al. v. Richter et al., Tex., 342 S.W.2d 1. Hence the case is before us for disposition on contestants' second point.

Contestants, in their second amended statement of grounds of contest, their final pleading, alleged that at said election there were cast 3,927 votes, of which number 1,855 were cast in favor of Urban Renewal and 2,072, against. Thus, by the votes cast the proposition lost by 217 votes. Contestants allege that the 243 persons whose names are listed on Exhibit "A" attached to contestants' pleading voted against, and their votes were counted against, the adoption of Urban Renewal for said City. Contestants further allege that such voters were not qualified to vote in said election for the reason that they did not duly .render taxable property situated in such City for taxation, in that (a) such voters did not submit rendition slips or sheets to the Tax Assessor of the City, listing their property, if any they had; (b) nor were any slips submitted to the Tax Assessor by any other person listing property of such voter; (c) nor was any property assessed against such voters by the Tax Assessor of such City; (d) nor

did the names of such voters appear on the tax roll of such City at the time of the election.

Contestants further alleged that twenty-one persons, whose names are listed in Exhibit "B", voted in said election and their votes were cast and counted against the adoption of Urban Renewal; and that such persons did not have a current poll tax receipt, had not procured a certificate of exemption, and were not legal voters.

Contestants further allege that four persons whose names are listed in Exhibit "C" voted in said election, and that these votes were cast and counted against the adoption of Urban Renewal, and that they were not legal voters for the reason that their properties were not rendered by them for taxation until after the time provided by law for such rendition had expired.

It was stipulated by all parties that:

(1) The voters named in Exhibit "A" had not voluntarily submitted any rendition slip listing any property for taxation at the time of the election.

(2) No property appeared in their names on the tax rolls, rendered or unrendered, at the time of the election.

(3) No rendition sheet appears in the office of the Tax Assessor of said City in the name of any of these voters at the time of the election.

No stipulation as to Exhibit "B" or "C" was made.

Contestees presented a motion for summary judgment based upon the pleadings and the stipulation. The trial court granted said motion and entered judgment dismissing the contest. In such action the court committed error.

■ It is apparent from contestants' pleading that the votes of 268 persons have been challenged. Of course, upon a trial of the contest, the burden is on contestants to prove that a sufficient number of

said persons voted illegally, and that their votes were cast and counted against the adoption of Urban Renewal, to change the result of the election. But on motion for summary judgment by contestees, the burden shifts. The burden is then on movants to show that no genuine issue of fact exists, and all doubts as to the existence of a genuine issue as to material fact must be resolved against the party moving for summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ The stipulation would eliminate (a), (c) and (d) of the grounds of contest of the votes challenged in Exhibit "A", but would not eliminate issue (b), i. e., that the property of such voters had or had not been assessed by some other person in the name of some other person. It has been held that if the property of a citizen is on the tax rolls and he is liable for the taxes assessed, he has "duly rendered" same, without regard to the particular manner or form through which the rendition was made. DuBose v. Ainsworth, Tex.Civ.App., 139 S.W.2d 307; Campbell v. Wright, Tex.Civ.App., 95 S.W.2d 149. There are a number of ways in which it may be shown that a voter has duly rendered his property for taxation though it may not appear on the rolls in his name. Caperton v. Thorpe, Tex.Civ.App., 240 S.W.2d 329; Wingo v. Seale, Tex.Civ.App., 212 S.W.2d 968; Texas Public Utilities Corp. v. Holland, Tex.Civ.App., 123 S.W.2d 1028; Campbell v. Wright, supra. Contestees, in the motion for summary judgment, did not by affidavit, deposition or otherwise, negative the genuine material issues of fact that these voters listed in Exhibit "A" did or did not have property on the tax rolls of said City rendered by some other person and in the name of some other person. It follows that a summary judgment should not have been rendered.

The judgment is reversed and the cause remanded.